## ROWELL v. CROSBY. (No. 1667.)

Court of Civil Appeals of Texas. Beaumont.
March 7, 1928.

Rehearing Denied March 16, 1928.

Brokers ⟨key⟩86(1)—Under evidence broker's salesman held to have no right against owner of land sold for half of commission promised him by broker.

Plaintiff employed by real estate agents as salesman, with understanding that he was to receive half of commissions on sales made by him for them, has no cause of action for half of commissions against defendant, owner of land listed with the agents and sold through plaintiff, where being unable to get an offer larger than the amount insisted on by defendants as net to him the agents executed a written release or waiver of commission, which plaintiff signed, though insisting he should have his half of usual commission, and though after its execution defendant's wife told plaintiff that he would be paid his part of commission, that defendant would pay it, and that, if he would not, she would pay it out of her allowance.

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Action by R. C. Rowell against A. W. Crosby. Judgment on verdict directed for defendant, and plaintiff appeals. Affirmed.

Elmer Graham, of Houston, for appellant.
Fulbright, Crooker & Freeman, of Houston, for appellee.

O'QUINN, J. Appellant will be referred to as plaintiff, and appellee as defendant; that being their attitude in the court below.

Plaintiff sued defendant to recover $750 alleged to be due him as commissions on the sale of real estate. He alleged that Mrs. A. W. Crosby, acting as the agent of her husband, the defendant, listed certain real estate with I. C. Timmins & Co., a firm doing a real estate and brokerage business; that he (plaintiff) was working with said Timmins & Co. as a salesman under an agreement with them that he was to receive one-half of the commissions on sales made by him of property listed with them; that said Timmins & Co. and plaintiff found a purchaser for said property for $30,000; that a sale was made to said purchaser, and that Timmins & Co., through one of its members, I. C. Timmins, in an instrument in writing, waived the whole of the commissions for making the sale; that plaintiff did not agree to said waiver of commissions, and did not and would not waive his one-half interest in said commissions, and that defendant had notice of his refusal to waive his interest in said commissions; that Mrs. A. W. Crosby, wife of defendant, advised plaintiff that defendant would pay plaintiff his one-half of the commission, and thereupon plaintiff consented to the consummation of said sale; that defendant ratified the promise of his wife, Mrs. Crosby, that the commission would be paid.

Defendant answered by general demurrer, general denial, and specially that the property sold was listed with I. C. Timmins & Co. for sale, and at a price of $30,000 net to defendant; that at no time did defendant have any knowledge or notice of any agreement between plaintiff and Timmins & Co. to divide any commissions that might be earned by the sale of said property; that, if plaintiff had any interest in any commissions that might be earned by the sale of the property, it was a joint or partnership interest which was being handled by Timmins & Co., the persons with whom the property was listed for sale, and of which defendant had no knowledge; that plaintiff represented himself to defendant as the agent and salesman of Timmins & Co., and that Timmins & Co. so held plaintiff out to defendant and the public generally, and that defendant throughout the transaction so considered plaintiff; that defendant all through said transaction dealt with Timmins & Co., and not with plaintiff; that Timmins & Co., in writing, waived their claim for any commission for the sale of the property; that at the time of said waiver plaintiff was present and made no claim against defendant for commissions; that defendant had never made any contract with plaintiff to pay him any commissions for the sale of said property, nor in any manner employed him to make such sale; that defendant had not at any time promised plaintiff to pay him any sum as a commission for the sale of said property, nor had he authorized any one else to do so; that defendant had no knowledge or notice of any contract between Timmins & Co., to share any commis-

sion that might be paid for the sale of said property, and that the waiver of commission and the release to that effect executed by Timmins & Co. was binding upon plaintiff; that all the dealings relative to the sale of said property were with Timmins & Co., and all the services performed relative thereto were performed by Timmins & Co. or under their direction; that, if any person made any promise to plaintiff that defendant would pay him a commission for the sale of said property, it was unauthorized by defendant, and without any consideration, and not binding upon defendant, and that he had never in any manner ratified any such promise. This answer was sworn to.

The case was tried to a jury, but when the evidence was concluded the court instructed the jury to return a verdict for defendant, which was done, and judgment accordingly entered. This appeal is from that judgment.

The judgment must be affirmed. Briefly, the evidence shows that appellant was connected with the real estate firm of Timmins & Co. as a salesman, with the understanding that he was to sell real estate for them and receive one-half of the commissions on sales thus made. He was not a member of the firm—only a salesman working for the firm. The property of appellee was listed for sale with Timmins & Co. Timmins & Co. and appellant found a purchaser for the property at $30,000. The property was listed by appellee's wife. It was their community home. There was an effort to sell it for $31,500. The purchaser would pay only $30,000. Appellee refused to take less than $30,000 to him net. Timmins & Co., in order to carry out their promise to the customer, waived their right to any commission in writing. Appellant insisted that he should have his half of the usual commission of 5 per cent. of the sales price, but signed the release. Appellant says that Mrs. Crosby told him some two days after the release or waiver of commissions had been executed by Timmins & Co. that he would be paid his part of the commissions, that her husband would pay it, and that she repeated this statement several times later. I. C. Timmins testified that Mrs. Crosby told him that she would see that the commissions were paid, that she would get her husband to pay them, and that, if he would not, she would pay the money out of her allowance. There is no dispute that appellee steadfastly refused to sell for less than $30,000 net to him, and that, when the earnest money receipt and contract was presented to him, he had his lawyer to prepare the waiver and release of commission in question, and same was executed as before stated.

Under the facts appellant showed no cause of action against appellee, and the directed verdict was proper.

The judgment is affirmed.

### On Motion for Rehearing.

Appellant has filed a motion for rehearing, urging the same questions as upon original submission. He has also in said motion stated that the court was in error when it said: "Appellant insisted that he should have his half of the usual commission of 5% of the sales price but signed the release," insisting that there is nowhere in the record any testimony supporting this expression. On page 3 of the statement of facts appellant testified among other things, the following: "I was a party to the release of that money to Mr. Crosby * * *." We think this directly supports our statement.

We have considered all matters presented by appellant in his motion for rehearing and the same is in all things overruled.